## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| **STEVEN SIMPSON** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:07cv1131** |
| | ) | **Judge Thomas A. Wiseman, Jr.** |
| **VANDERBILT UNIVERSITY, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

### Memorandum Opinion

Before the Court is Defendant Judy Araque's Motion to Dismiss for Failure to State a Claim upon Which Relief can be Granted. (Doc. No. 6). Araque has filed a Memorandum of law in support of her motion. (Doc. No. 7). Pursuant to Local Rule 7.01(b), Plaintiff Steven Simpson had ten days to respond to the motion. Plaintiff did not respond, and those ten days have long since expired. By failing to respond within the ten-day period, Plaintiff is presumed to have no "opposition to the motion." LR 7.01(b).

Accordingly, pursuant to LR 7.01(b), this Court could grant Araque's motion simply for Plaintiff's failure to respond. Additionally, though, this Court will grant Araque's motion for two substantive reasons as well: (1) Araque was not Plaintiff's "employer" within the meaning of the ADEA, Title VII, or the ADA and (2) Araque was not named in Plaintiff's EEOC complaint.

### I.     STANDARD OF REVIEW

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant can seek dismissal if the plaintiff fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12. To prevail on a 12(b)(6) motion, the Court must assume the plaintiff's factual allegations are true and draw all reasonable inference in the plaintiff's favor. *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993). If the plaintiff would not be entitled to relief under these assumptions, the defendant is entitled to summary judgment. *Hishon v. King & Spaulding*, 467 U. S. 69, 73 (1984).

### II.     FACTUAL AND PROCEDURAL BACKGROUND

According to Plaintiff's Complaint, Araque worked for Vanderbilt University Medical Center (hereafter Vanderbilt). One of Araque's responsibilities included scheduling the work times for Plaintiff and other employees. Plaintiff was employed by Vanderbilt from 2001 to 2006. Near the end of his

employment, Plaintiff began having conflicts with his supervisors. Primarily, the conflicts arose because Plaintiff desired to work on the day shift, yet his supervisors required that he work the night shift. On December 21, 2006, this on-going conflict between Plaintiff and his supervisors resulted in Plaintiff's termination.

After he was terminated Plaintiff filed charges of discrimination with the EEOC on February 13, 2007. In the EEOC complaint, Plaintiff only named Vanderbilt as the party that had allegedly violated his civil rights. On August 22, 2007, Plaintiff received a "right to sue" letter from the EEOC. And sue he did.

On November 16, 2007 Plaintiff filed a Complaint in this Court naming both Vanderbilt and Araque as defendants. (Doc. No. 1). He asserts claims against both defendants for (1) violation of the Age Discrimination in Employment Act ("ADEA") for age discrimination, (2) violation of Title VII of the Civil Rights Act of 1964 for sex discrimination ("Title VII"), and (3) violation of Americans with Disabilities Act ("ADA") for disability discrimination.

On January 4, 2008, Araque filed a Motion to Dismiss the claims asserted against her. (Doc. No. 6). As previously indicated, Plaintiff has not filed a response in opposition to the motion.

III.    ANALYSIS

Araque is entitled to dismissal of the ADA, ADEA, and Title VII claims asserted against her for two substantive reasons. First, Araque does not qualify as an "employer" under the ADA, ADEA or Title VII and therefore cannot be subject to personal liability under those statutory schemes. Second, Araque is entitled to dismissal because she was not named in the EEOC complaint.

A.    Araque Is Not an "Employer" and Therefore Not Individually Liable.

Though not exactly the same, the definitions for "employer" set forth in the ADA, ADEA and Title VII are so similar that " 'courts routinely apply arguments regarding individual liability to all three statutes interchangeably.' " *Williams v. Banning*, 72 F.3d 552, 553-54 (7th Cir. 1995) (quoting *United States Equal Employment Opportunity Comm'n, v. AIC Sec. Investigations*, 55 F.3d 1276, 1279-80 (7th Cir. 1995)).[1]

---

[1]  *See* 42 U.S.C. 2000e (" '[E]mployer' means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person . . . ."); 29 U.S.C. § 630(b) (defining "employer" as "a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or

The Sixth Circuit has consistently held that a *supervisor* cannot be individually liable under Title VII, the ADA, or the ADEA. *Ford v. Frame*, 3 Fed. Appx. 316, 318 (6th Cir. 2001) (individual supervisors may not be held liable in ADA cases); *Hiler v. Brown*, 177 F.3d 542, 546 (6th Cir. 1999) (holding that a supervisor is not included in the "definition of 'employer' under Title VII . . . and cannot be held personally liable for discrimination"); *Wathem v. Gen. Elec. Co.*, 115 F.3d 400, 406 (6th Cir. 1997) ("Congress did not intend to impose individual liability on employees."); *Bennet v. Davis*, No. 3:95-CV-629, 1996 WL 607440, at *3 (6th Cir. Feb. 15, 1996) ("[T]here is no individual liability under the ADEA. . . .").

In this case, based on the allegations in the Complaint, Araque was the Plaintiff's supervisor. (Doc. No. 1). Though the Complaint is careful not to use the term "supervisor" when referring to Araque, it does refer to Araque as "the new manager in the line of supervision over Plaintiff Simpson." (Doc. No. 1, ¶11). Moreover, Araque was in charge of Plaintiff's scheduling; she documented his absences; and she was the person Plaintiff asked for permission to leave early. (Doc. No. 1, ¶ 11-13). These job responsibilities illustrate that Araque acted as Plaintiff's supervisor. Because Araque was Plaintiff's supervisor, she cannot be held individually liable for alleged violations of the ADA, ADEA, or Title VII. *Ford*, 3 Fed. Appx. at 318; *Hiler*, 177 F.3d at 546; *Wathem*, 115 F.3d at 406; *Bennet*, 1996 WL 607440, at *3.

### B. Plaintiff's Failure to Name Araque in the EEOC Complaint Prohibits Him from Bringing Suit against Her.

"If an individual is not named in an EEOC complaint, then the complaining party cannot sue that individual in a Title VII action." *Stefanovic v. Univ. of Tenn.*, 935 F. Supp. 950, 953 (E.D. Tenn. 1996). Similarly, the ADA and ADEA require the complaining party, before bringing suit, to name that individual in its EEOC complaint.[2] *Gordon v. MCG Health, Inc.*, 301 F. Supp. 2d 1333, 1338 (S.D. Ga. 2003) (noting that the "ADA has adopted the procedural requirements of Title VII," namely that "[o]nly parties

---

preceding calendar year"); 42 U.S.C. § 12111(5)(A) (defining "employer" as "a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.")

[2] There is one exception to the requirement that a defendant be named in the EEOC complaint. The "clear identity of interest" exception permits a defendant who was not named in the EEOC complaint to be brought to court if the defendant and the party named in the EEOC complaint are "virtual alter egos" of one another. *Knafel v. Pepsi Cola Bottlers of Akron, Inc.* 899 F.2d 1473, 1481 (6th Cir. 1999). Plaintiff's Complaint certainly does not allege that Araque and Vanderbilt were "virtual alter egos."

previously identified as respondents in charges filed with the EEOC are subject to subsequent liability");
*Spruill v. New York City Health & Hosp.*, 2007 WL 2456960, *6 (S.D.N.Y. Aug. 27, 2007) ("[U]nder both Title VII and the ADEA, a claimant may bring suit in federal court only if . . . the current defendant [was] named as a defendant in the EEOC complaint.").

In this instance, Araque was not named in the EEOC complaint. Therefore, Plaintiff cannot bring suit against her, even if a supervisor could be sued under the ADA, ADEA, or Title VII.

## IV.    CONCLUSION

For all of the reasons discussed above, Defendant's Araque's Motion to Dismiss will be granted.

An appropriate Order will enter.


Thomas A. Wiseman, Jr.
Senior U.S. District Judge